Swanson v. Lederer & Levee Amusement Co., 159 Ill. App. 547.

ment, were not, in fact, the product of his own brain, but were copied very largely from The New York Herald.

Since the matter referred to in the affidavits would, if proven, have a strong tendency to affect the result of the suit, we think the court below should have granted a new trial upon the showing made, and the judgment is, therefore, reversed, and the cause remanded for another trial.

*Reversed and remanded.*

---

**William H. Swanson, Appellant, v. The James L. Lederer and George B. Levee Amusement Company, Appellee.**

**Gen. No. 15,201.**

CONTRACTS—*when equity will not enforce.* Where there is a lack of mutuality in remedy courts of equity will aid neither of the parties in the enforcement of the contract, but will leave them to their remedy at law.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed February 3, 1911.

**Statement by the Court.** This is an appeal from a decree of the Superior Court of Cook county, dissolving an injunction and dismissing appellant's bill for want of equity.

The bill, as amended, was based upon a contract between appellant and appellee, in which it was agreed that appellant should operate a moving picture show at 1071 Lincoln avenue, Chicago, appellee to light the theatre premises and to furnish electric current to run the moving picture show,—to keep the place clean, and maintain a doorkeeper at the theatre.

Appellant was to continue the moving picture show business, turning over the proceeds therefrom daily to appellee, who was in turn to pay appellant, for performance of the contract, a sum equal to fifty per cent of the gross receipts. The written contract provided that it should be in force from May 18, 1908, up to and including September 30, 1908, and that "should both parties" be desirous of continuing the agreement after its expiration it might be extended by either party giving to the other two weeks' notice before the expiration of the agreement.

Appellant claimed to be conducting a profitable business, and alleged that in August he had notified appellee that he desired to continue the business at that place for another year. The bill further alleged that in contemplation of so continuing the business, appellant had incurred large expense in and about the business, over and above any expense contemplated by the terms of the contract, and he alleged that he was equitably entitled to an extension of his contract.

The bill further alleged that appellee refused to grant an extension of the contract, and expected to prevent appellant from continuing the business after its expiration.

Upon the filing of the bill the court issued an injunction, restraining appellee from interfering with appellant in the conduct of the business at the premises mentioned, until the further order of the court, upon filing a bond in the sum of $2,500.

About three weeks later, upon motion of appellee, the court dissolved the injunction and dismissed the bill for want of equity, from which order or decree, appellant prayed an appeal to this court.

DOUGLAS C. GREGG, for appellant.

MAYER, MEYER & AUSTRIAN, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The amended bill did not disclose any cause of action entitling appellant to an injunction. The contract between the parties did not give to either the right to extend the agreement unless both parties desired it, and the parties could have extended the contract if they mutually agreed to do so, as well without as with this permissive clause in it.

While the bill is not strictly one asking, in terms, specific performance, yet if the injunction prayed for were granted, it would practically amount to compelling specific performance. It is clear that courts of equity would be powerless to enforce this contract against appellee by injunction, and the law of this State is that where there is a lack of mutuality in remedy courts of equity will aid neither of the parties in the enforcement of the contract, but will leave them to their remedy at law. Ulrey v. Keith, 237 Ill. 284.

The decree of the court below dissolving the injunction and dismissing the bill was proper.

*Affirmed.*